# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 5, 2023

Lyle W. Cayce
Clerk

————————

No. 23-30328

————————

M. C. Moore, as father *and next friend to minors* Joyce Marie Moore, Jerry Moore, and Thelma Louise Moore; Henry Smith, as father *and next friend to minors* Bennie Smith, Charles Edward Smith, Shirley Ann Smith, and Earline Smith,

*Plaintiffs—Appellants*,

*versus*

Tangipahoa Parish School Board, *a corporation*,

*Defendant—Appellee*,

Janice Fultz Richards, *President, Tangipahoa Parish School Board*; Melissa Martin Stilley, *Superintendent, Tangipahoa Parish School System*,

*Appellees*.

————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:65-CV-15556

————————————————————

No. 23-30328

Before Jones, Southwick, and Ho, *Circuit Judges*.

Per Curiam:[*]

Having carefully considered this appeal in light of the parties' briefs, the district court's decision, and pertinent portions of the record, we find no reversible error of fact or law and affirm the judgment.

Plaintiffs, Taj Jackson and his parents, appeal the district court's modification of its desegregation order as it pertains to the athletic eligibility of certain student transfers. Jackson, an African American student and high school basketball player, received an approved Majority to Minority transfer from predominantly black Hammond High School to predominantly white Ponchatoula High School in June 2022.[1] After receiving the transfer, Jackson was informed by the Louisiana High School Athletic Association (LHSAA) that he would be ineligible to play on the varsity basketball team at Ponchatoula that year. The relevant provision of the desegregation order in effect at the time of Jackson's transfer followed all LHSAA eligibility requirements—including one year of ineligibility for any student who transferred to another school outside of their athletic zones.

Jackson sought equitable relief in the district court, including a temporary restraining order that would allow him to play basketball at Ponchatoula High School. In January 2023, the district court granted the temporary restraining order, finding that the language of the desegregation

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

[1] Jackson and his parents are members of the class of African American students and parents in the desegregation case, which has been ongoing since 1965. *See Moore v. Tangipahoa Par. Sch. Bd.*, 864 F.3d 401, 403 (5th Cir. 2017).

order in effect at the time could potentially have "a chilling effect upon achieving student assignment improvements and final unitary status."

In April 2023, the district court modified the athletic eligibility provision of the desegregation order in the opinion now appealed by plaintiffs. That modification stated that:

> High school interscholastic athletic eligibility shall be governed by rules of the Louisiana High School Athletic Association with the following exceptions:
>
> > (A). M-to-M or Diversity transfer, magnet transfer and academic transfer students, students enrolled under the joint custody provisions in Paragraph 5 of Rec. Doc. 876, students enrolled in a school pursuant to the transfer option in Paragraph 1(H) of Rec. Doc. 876, and students enrolled in school pursuant to the transfer option in Paragraph 6 of Rec. Doc. 876, regardless of grade level at the time of transfer, shall be eligible to participate in all interscholastic athletic programs in the year of the initial transfer.
>
> > (B). M-to-M or Diversity transfer, magnet transfer and academic transfer students, students enrolled under the joint custody provisions in Paragraph 5 of Rec. Doc. 876, students enrolled in a school pursuant to the transfer option in Paragraph 1(H) of Rec. Doc. 876, and students enrolled in a school pursuant to the transfer option in Paragraph 6 of Rec. Doc. 876 electing to return to their sending or home student attendance zone school shall be immediately eligible to participate in all interscholastic athletic programs.

Due to this amendment, students who utilize any transfer option available under the desegregation orders are immediately eligible for athletics in their new schools and are no longer required to sit out for one year as otherwise required by LHSAA rules. Several days after issuing the opinion, the district

court also issued an order that dismissed as moot plaintiff's motion for injunctive relief.

Plaintiffs now challenge the district court's dismissal of his request for further injunctive relief and the district court's opinion, arguing that the relief he has obtained up to this point is insufficient. We disagree. The newly modified desegregation order ensures that Jackson, and all other African American students subject to the desegregation orders, will have immediate athletic eligibility in their new schools after utilizing any transfer option available under the desegregation orders. The district court considered plaintiffs' issues and ruled in their favor. As a result, no additional injunctive relief is necessary and the plaintiffs' request for additional injunctive relief is moot. In any event, plaintiffs have failed to brief, and therefore waived, any other issues. *See Askanase v. Fatjo*, 130 F.3d 657, 668 (5th Cir. 1997) ("All issues not briefed are waived."). AFFIRMED.